IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

U.S. EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
                                               )
                     Plaintiff, )
                                               )     CIVIL ACTION NO.
           v. )
                                                 )
HOSPITAL HOUSEKEEPING SYSTEMS, LTD., )     <u>COMPLAINT</u>
                                               )     <u>JURY TRIAL DEMANDED</u>
                    Defendant. )     <u>INJUNCTIVE RELIEF SOUGHT</u>
_____ )

## <u>NATURE OF THE ACTION</u>

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of national origin, and to provide appropriate relief to Gilma Castillo and other similarly situated individuals who were adversely affected by such practices. The Commission alleges that Defendant, Hospital Housekeeping Systems, Ltd., discriminated against Ms. Gilma Castillo by terminating her based on Ms. Castillo's national origin, Mexican, as alleged with greater particularity in paragraph 7, below.

## <u>JURISDICTION AND VENUE</u>

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A(a)(1).

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Tampa Division.

PARTIES

3.      Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3), 42 U.S.C. Section 2000e-5(f)(1).

4.      At all relevant times, Defendant, Hospital Housekeeping Systems, Ltd. (the "Employer"), has continuously been a Texas limited partnership doing business in the State of Florida and the County of Sarasota, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Gilma Castillo filed a charge with the Commission alleging violations of Title VII by Defendant Employer.   All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      On or about January 30, 2004, Defendant Employer engaged in unlawful employment practices at its Sarasota, Florida facility, in violation of Section 703(a) of Title VII, 42 U.S.C.  Section 2000e-2(a).  These practices include terminating Ms. Gilma Castillo based on her national origin, Mexican.  The Commission alleges that Defendant implemented an English

proficiency requirement in its workplace which resulted in the disparate treatment of Ms. Castillo and other non-English-speaking employees based on their national origin.

8.      The effect of the practice(s) complained of in paragraph 7 above has been to deprive Gilma Castillo and other similarly situated individuals of equal employment opportunities and otherwise adversely affect their status as employees, because of their national origin.

9.      The unlawful employment practices complained of in paragraph 7 above were intentional.

10.      The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Gilma Castillo and other similarly situated individuals.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in unlawful employment practices which discriminate on the basis of national origin.

B.      Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees without regard to their national origin, which eliminate all forms of discrimination on the basis of national origin, and eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant Employer to make whole Gilma Castillo and any other similarly situated individuals, by providing appropriate back pay, with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Gilma Castillo and any other similarly situated individuals or front pay in lieu thereof.

D.      Order Defendant Employer to make whole Gilma Castillo and any other similarly situated individuals, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including out of pocket losses,  in amounts to be determined at trial.

E.      Order Defendant Employer to make whole Gilma Castillo and any other similarly situated individuals, by providing compensation for nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including past and future emotional pain, suffering, inconvenience, loss of enjoyment of life, anxiety and humiliation, in amounts to be determined at trial.

F.      Order Defendant Employer to pay Gilma Castillo and any other similarly situated individuals punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper.

H.      Award the Commission its costs in this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised in the complaint.

Respectfully Submitted,

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DELNER FRANKLIN-THOMAS
Regional Attorney

MICHAEL FARRELL
Supervisory Trial Attorney


/s/ Muslima Lewis
MUSLIMA LEWIS
Trial Attorney
Florida Bar No. 0158305
UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Miami District Office
One Biscayne Tower, Suite 2700
Two Biscayne Boulevard
Miami, Florida 33131
Tel. (305) 530-6006 Direct
Tel. (305) 536-6001 Main
Fax (305) 536-4494
E-mail:muslima.lewis@eeoc.gov

5